UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re: ACRDGROUP LLC,                        Case No. 22-24848-kmp
                                                                                  (Chapter 11)
            Debtor.

## UNITED STATES TRUSTEE'S MOTION TO DISMISS

        The United States Trustee, by Attorney Laura D. Steele, moves for an order dismissing the chapter 11 case of Debtor ACRDGROUP LLC for its unexcused failure to file a list of creditors with the Petition (the "Matrix"); and failure to comply with an order of this Court directing that the Matrix be filed on or before November 7, 2022. 11 U.S.C. § 1112(b)(4)(E). ECF No. 4. The United States Trustee submits that further cause exists to dismiss this case because Debtor ACRDGROUP LLC is required under Local Rule 9029(e) to be represented by legal counsel but is not. ECF No. 10. In support of this motion, the United States Trustee alleges:

BACKGROUND, LAW AND ARGUMENT

        1.      ACRDGROUP LLC (the "Debtor") commenced this case on October 31, 2022, when it filed a voluntary chapter 11 petition without legal counsel. The Debtor did not file a matrix of creditors with the Petition. The Debtor is not represented by legal counsel. *Contra* Local Rule 9029(e).

        2.      The Debtor is required to file a list of creditors. U.S.C. § 521(a)(1)(A). Fed. R. Bankr. P. 1007. Local Rule 1007 provides, "In all cases, the debtor must prepare and file a separate master service list or 'Matrix' in a form specified by the Clerk identifying the names and addresses of all creditors and other parties entitled to notice, including the debtor's spouse, unless the spouse

Attorney Laura D. Steele
Office of the United States Trustee
517 East Wisconsin Avenue, Room 430
Milwaukee, WI 53202
Phone: 414-297-4499
Email: Laura.Steele@usdoj.gov

is a joint debtor. The Matrix will serve as the official mailing list in all cases unless the court orders otherwise."

3. There is no provision for wavier of the creditor Matrix requirement. *In re Fawson,* 338 B.R. 505, 510-11 (Bankr. D. Utah 2006).

4. On November 1, 2022, the Court issued an order requiring the Debtor to file its creditor Matrix on or before November 7, 2022. ECF No. 4.

5. On November 7, 2022, the Debtor filed a response to the Court's show cause order, not by filing the Matrix, but by asserting "I invoke my 5th amendment rights" in order to not divulge the names of creditors; and that such records are not in the Debtor's possession or control. ECF No. 15.

6. The Debtor's invocation of the Fifth Amendment privilege against self-incrimination is not applicable to a corporate entity, such as the Debtor. *Braswell v. United States,* 487 U.S. 99, 103 (1988); *Kastigar v. United States*, 406 U.S. 441, 444–45 (1972). "As a result, a custodian of corporate records may not refuse to produce corporate documents on the basis of an individual corporate representative's personal privilege, even if the documents may tend to incriminate the custodian individually." *In re Cotillion Invs., Inc.,* 343 B.R. 344, 350 (Bankr. S.D. Fla. 2006)(citing *Braswell,* 417 U.S. at 113).

7. Accordingly, the Debtor may not demonstrate excusable neglect sufficient to satisfy the Court's show cause order by invoking the Fifth Amendment privilege.

8. The Debtor's representation that records of its creditors are not it is possession or control is also not sufficient to satisfy the Court's order. The case simply cannot proceed without this fundamental information to ensure proper notice to and participation by all interested parties.

9. The Debtor's failure to file a creditor Matrix "relieves the Court of discretion in the matter and makes entry of the dismissal order under § 521(i)(2) ministerial." *Id.* The Debtor's failure to follow an order of the Court is also cause for dismissal. 11 U.S.C. § 1112(b)(4)(E).

10. The Court has further issued a show cause order requiring the Debtor to obtain legal counsel on or before November 14, 2022. ECF No. 10. As of the date of this order, the Debtor has not demonstrated compliance with the Court's order, and the lack of legal counsel serves as additional cause for this Court to dismiss this case. Local Rule 9029(e). 11 U.S.C. § 1112(b)(4)(E).

WHEREFORE, the United States Trustee requests the Court enter an order to dismiss this case for cause, or for such other relief as may be just.

Dated: November 8, 2022.

                                                PATRICK S. LAYNG
                                                United States Trustee

                                                _____
                                                LAURA D. STEELE
                                                Trial Attorney